*Thos. George*, for plaintiffs in error.

*Livesay & Rollins*, for defendants in error.

--------→●←--------

## A. H. BARRETT *et al.*

Lode Claim within a Placer. Where lode claimants fail to file adversely to a placer application which embraces their lode claim, they are entitled to only twenty-five feet of surface ground on each side of the vein.

*Secretary Teller to Commissioner McFarland, March 26, 1883:*

I have considered the appeal of Anthony H. Barrett *et al.*, applicants for patent for the Shonbar lode, from your decisions of March 28th and June 3d, 1882, the former holding the Helena, Montana, mineral entry No. 611 of the premises for cancellation, and the latter declining to recall the former.

You held the entry for cancellation because the ground covered thereby had been previously patented as placer claims upon mineral entries numbered 575 and 553, per patents issued April 15th and May 16th, 1881, respectively.

It appears that said applicants located their claim May 5, 1879, filed application for patent November 2, 1880, notice whereof was regularly published from November 5th to January 6th, 1881, whereupon they made mineral entry No. 611, January 14, 1881. Their application calls for "1497 linear feet of the Shonbar vein, lode or deposit, bearing silver and other metals, together with surface ground varying from 464 to 538 feet in width * * being situated in the Summit Valley mining district, county of Deer Lodge, Territory of Montana." Such claim is designated as "Lot No. 175," containing an area of 17.19 acres, and is so delineated by the official survey thereof made by U. S. Deputy Mineral Surveyor Baker,

55

June 26, 1880, plat whereof was approved by U. S. Surveyor General Mason, September 3d ensuing. These applicants claim to have acquired title "by purchase from original locators."

It further appears that, under date of May 29, 1882, the applicants' attorney filed in their behalf the affidavits of certain persons resident in said district, alleging that the Shonbar lode is a well-defined vein, rich in minerals; and that its existence was known at, and long anterior to, the date of said placer application.

Wherefore said attorney requested that your former decision be recalled and that patent issue for the Shonbar lode claim; but by your decision of June 3, 1882, you declined to recall your former decision, holding the matter to be beyond the jurisdiction of your office.

This case, so far as it relates to the question of the existence of a known lode, is within the rule established by this Department under date of the 19th instant, in the matter of the Mammoth Quartz Mine, wherein it was ordered that the lode claimants be permitted to proceed pursuant to statutory provisions by application for patent upon the lode claim, by regular publication, subject to the filing of an adverse claim and the institution of suit in a court of competent jurisdiction.

But the present claim exceeds twenty-five feet in width on each side of the vein. The application has been allowed, publication regularly had, and the entry made. In fact, said claimants had completed their proofs, and the same were matter of record in your office, for several months prior to the issuance of the placer patents, and no adverse claim was filed. It would not be practicable, therefore, at this stage of the cause, to remit these claimants to the performance *de novo* of such preliminary requirements. In the absence of an adverse claim they are entitled to take their lode and twenty-five feet on either side. The only question remaining is, whether or not the excess over that width of surface ground can be allowed.

I think this cannot be done. The lode claimants, in order to protect their right to the full extent of their claim, should have filed adversely to the placer application within the statutory period; but having failed so to do, they are expressly re-

stricted by the statute to their lode, "and twenty-five feet of surface on each side thereof."

Your decision is accordingly reversed; and if on examination the proofs are found regular and sufficient, you will require a corrected plat, properly defining the restricted surface ground, upon which patent will issue.